UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| COLONY INSURANCE COMPANY, | |
| Plaintiff, | 2:13-cv-00243-JCM-NJK |
| vs. | |
| RALPH A. SCHWARTZ, ESQ., RALPH A. SCHWARTZ, P.C., and MICHAEL SNAVELY, | **O R D E R** |
| Defendants. | |

Before the Court is Michael Snavely's Motion to Intervene, Docket No. 12. The Court has considered Snavely's Motion, Docket No. 12, Plaintiff Colony Insurance Company's Opposition, Docket No. 13, Defednant Ralph Schwartz, Esq. and Ralph A. Schwartz, P.C.'s Opposition, Docket No. 14, and Snavely's Reply, Docket No. 15.[1] The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

**BACKGROUND**

**I.   Underlying Malpractice Lawsuit**

Michael Snavely retained Defendant Ralph A. Schwartz, Esq., to represent him in a personal injury law suit. *See* Motion to Intervene, Docket No. 12, at 1. That case was dismissed on April 12, 2012, for want of prosecution. *Id*. Thereafter, on October 11, 2012, Snavely filed suit against Schwartz for legal malpractice in the District Court of Clark County Nevada. *Id*. at 2.

---

[1] Snavely filed his Reply to Defednant Ralph Schwartz, Esq. and Ralph A. Schwartz, P.C.'s Opposition on September 18, 2013. Docket No. 16. This filing appears to the Court to be substantially the same as Docket No. 15.

That case is captioned *Michael Snavely v. Ralph Schwartz and John Does I through XX, inclusive*, Case No. A-11-651689-C, and is currently pending in the District Court of Clark County Nevada. *See* Docket No. 13, at 1-2.

## II.     Procedural Background

On February 13, 2013, Plaintiff Colony Insurance Company filed its Complaint for Declaratory Judgment seeking a judicial determination that a Lawyers Professional Liability Policy (the "Policy") issued to Schwartz afforded no coverage for the underlying malpractice lawsuit. *See* Complaint, Docket No. 1.  According to the Complaint, Schwartz did not report the underlying lawsuit and submitted a false response on his renewal application when he knew or should have reasonably foreseen that the legal services rendered in the underlying lawsuit could give rise to a claim by Snavely. *Id*. Colony originally named Snavely as a defendant in this lawsuit and the Court issued a summons directed at Snavely to be executed at one of two addresses. *See* Summons Issued, Docket No. 4.

According to Colony, the summons was returned non-deliverable. *See* Declaration of Ryan Brown, Docket No. 13-1, at 2. Colony represents that thereafter it made at least ten attempts to contact Snavely's then-counsel in the underlying malpractice lawsuit, Victor Lee Miller, via telephone and e-mail in an effort to request waiver of service of the summons and complaint. *Id*.  Additionally, Colony states that it e-mailed a copy of the complaint to Miller, but Miller responded that he did not have authority to accept service on behalf of Snavely. *Id*. Colony then requested a valid address for Snavely from Miller or, alternatively, an agreement from Snavely that he be bound by the court's decision in this action. *Id*. Miller did not respond to Colony's request. *Id*.

On June 11, 2013, Colony voluntarily dismissed Snavely from the case without prejudice, because it had been unsuccessful in serving Snavely within the 120 days allotted by Federal Rule of Civil Procedure 4.  *See* Notice of Voluntary Dismissal, Docket No. 11.

The remaining parties in this litigation, Colony and Schwartz, at some point in this litigation (no date or time-frame has been provided), agreed to the terms of a Settlement Agreement. *See* Opposition, Docket No. 13, at 3. The Settlement Agreement and Release, which

1  Schwartz has agreed to sign, acknowledges that Schwartz did not have coverage for the
2  underlying Snavely malpractice suit. *Id*. Colony and Schwartz planned to execute and finalize the
3  settlement and file a Stipulated Dismissal under Fed.R.Civ.P. 41 sometime in August 2013. The
4  agreement would confirm the dismissal of the lawsuit with prejudice and require each party to
5  bear its own costs. *Id*.

6  On August 23, 2013, Snavely filed the present Motion to Intervene under Rule 24(a)(2)
7  and, alternatively, Rule 24(b)(1)(B) asserting that he has an interest in the outcome of this matter
8  and that the current parties do not adequately represent his interest. *See* Motion to Intervene,
9  Docket No. 12, at 2. Plaintiff opposes Snavely's Motion on the grounds that his application for
10 intervention is not timely. *See* Docket No. 13.  Defendants oppose Snavely's Motion on the
11 grounds that he has no interest in the instant case and that he fails to meet the requirements for
12 permissive intervention. *See* Docket No. 14.

13 **DISCUSSION**

14 **I.    Intervention of Right**

15 To intervene as of right under Fed.R.Civ.P. 24(a)(2), the applicant must claim "an interest
16 relating to the property or transaction which is the subject of the action and [that] the applicant is
17 so situated that the disposition of the action may as a practical matter impair or impede the
18 applicant's ability to protect that interest, unless the applicant's interest is adequately represented
19 by existing parties."

20 Specifically, an applicant for intervention as of right must demonstrate that "(1) it has a
21 significant protectable interest relating to the property or transaction that is the subject of the
22 action; (2) the disposition of the action may, as a practical matter, impair or impede the
23 applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties
24 may not adequately represent the applicant's interest." *United States v. Alisal Water Corp.*, 370
25 F.3d 915, 919 (9th Cir. 2004); *citing United States v. City of Los Angeles,* 288 F.3d 391, 397 (9th
26 Cir. 2002) (citation omitted).

27 The party seeking to intervene bears the burden of showing that all the requirements for
28 intervention have been met. *Id*. However, in determining whether intervention is appropriate,

- 3 -

courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention. *Id*.

### A. Significant Protectable Interest Relating to Subject of the Action

Snavely argues that he has a significantly protectable interest because he is the plaintiff in the underlying action and, therefore, he may be able to recover any eventual judgment out of any payment made by Plaintiff pursuant to the Policy.

A non-speculative, economic interest may be sufficient to support a right of intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1088 (9th Cir. 2003). To trigger a right to intervene, however, an economic interest must be concrete and related to the underlying subject matter of the action. *See id.* at 1085; *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). An allegedly impaired ability to collect judgments arising from past claims does not, on its own, support a right to intervention. *Alisal Water Corp.*, 370 F.3d at 920. To hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded. *See Public Serv. Comp. of New Hampshire v. Patch*, 136 F.3d 197, 205 (1st Cir.1998); *see also Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (noting that review is guided primarily by practical considerations).

Here, Snavely relies on *AAA Nevada Insurance Company v. Chau*, to argue he has a significant protectable interest. *AAA Nevada Insurance Company v. Chau*, 2010 WL 1756986, at *3 (D.Nev. Apr. 30, 2010). However, in that case the court allowed intervention pursuant to the Court's discretion under Federal Rule of Civil Procedure 24(b), not Federal Rule of Civil Procedure 24(a), and made no finding as to whether a significant protectable interest existed. *Id*. at *5; *see also Vignola v. Gilman*, 804 F. Supp. 2d 1072, 1077 (D. Nev. 2011). Indeed, the court specifically stated that the "Intervenors may not satisfy the standards for intervention of right." *Id*. Snavely also relies on *State Farm Mut. Auto. Ins. Co. v. Sugrue*; however, that case addressed whether intervenors had standing to appeal and did not discuss the standards for intervention of right. *See State Farm Mut. Auto. Ins. Co. v. Sugrue*, 132 F.3d 40 (9th Cir. 1997). Therefore, neither of these cases is particularly helpful in determining whether Snavely has a significant protectable interest.

- 4 -

In a case more analogous to this one, *XL Specialty Ins. Co. v. Perry*, the FDIC moved to intervene on the grounds that it was a plaintiff against the insured defendants in two of the underlying actions that formed the basis for the present action. *XL Specialty Ins. Co. v. Perry*, 2011 WL 9700995, *4 (C.D. Cal. Nov. 30, 2011). The FDIC argued that, because it stood to recover in either or both of those actions, it had an interest in making sure that the insurance coverage issues were properly resolved such that it may be able to recover any eventual judgment out of the insurance proceeds. *Id*. However, the FDIC did not identify any legally protected interest and the underlying actions were still ongoing. *Id*. The FDIC had not obtained a judgment against the insured defendants and the court noted that it may never do so. *Id*. The FDIC had no judgment that it sought to be able to enforce, but rather only the hope of an eventual judgment. *Id*. As such, the court found that the FDIC had no legally protected interest in the present action. *Id*. The court also found that both lawsuits involved different legal issues and were therefore not related for the purposes of mandatory intervention. *Id*.; *citing e.g., Alisal Water Corp*., 370 F.3d at 920; *Greene*, 996 F.2d at 976–77. Accordingly, the court concluded that the FDIC did not have a significant protectable interest. *Id*.

In this case, Snavely, like the FDIC in *XL Specialty Ins. Co.*, is the plaintiff in the underlying action and, therefore, he may be able to recover any eventual judgment out of any payment made by Plaintiff pursuant to the Policy. *See XL Specialty Ins. Co.,* 2011 WL 9700995, *4. However, Snavely has not identified any legally protected interest and the underlying action is still ongoing. Snavely has not obtained a judgment against Defendant Schwartz and may never do so. Snavely has no judgment that he seeks to be able to enforce, but rather only the hope of an eventual judgment. As such, the Court finds that Snavely does not have a legally protected interest in the present action. Additionally, Snavely has not shown that the two lawsuits involve the same legal issues.[2] The papers before the Court indicate that the present matter concerns an alleged fraud, whereas the underlying malpractice lawsuit involves an alleged breach of fiduciary duties. Accordingly, the Court finds that Snavely does not have a significant protectable interest.

---

[2] Snavely bears the burden of showing that all the requirements for intervention have been met. *See Alisal Water Corp.*, 370 F.3d at 919 (citation omitted).

- 5 -

### B. Remaining Intervention of Right Factors

Since Snavely does not have a "significant protectable interest relating to the property or transaction that is the subject of the action" it is unnecessary for the Court to evaluate whether the present suit may impair or impede that interest, the timeliness of the present Motion, or whether the present parties may adequately protect Snavely's interests.

## II. Permissive Intervention

Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *citing Garza v. County of Los Angeles,* 918 F.2d 763, 777 (9th Cir.1990), *cert. denied,* 498 U.S. 1028, 111 S.Ct. 681 (1991).

### A. Timeliness

Timeliness is a flexible concept; its determination is left to the district court's discretion. *Alisal Water Corp.*, 370 F.3d at 921; *citing Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir.1981).

Courts weigh three factors in determining whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id*.; *citing Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir.2002). "In the context of permissive intervention, however, [the court] analyze[s] the timeliness element more strictly than ... with intervention as of right." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir.1997).

#### 1. Stage of Proceedings

Although delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention. *Alisal Water Corp.*, 370 F.3d at 921; *citing United States v. Oregon*, 745 F.2d 550, 552 (9th Cir.1984). Here, although this case was filed seven months ago, it is still in the early stages of litigation. The Scheduling Order was entered on May 21, 2013, and Discovery is not set to close until December 2, 2013. *See* Scheduling Order,

1  Docket No. 10. Further, it appears that the only discovery which has occurred is Colony's service
2  of written discovery on Schwartz. *See* Opposition, Docket No. 13, at 5. Colony states that the
3  parties agreed to settle this matter in an effort to avoid the costs and time associated with
4  litigating this coverage dispute, which further indicates that minimal time and money has been
5  spent at this stage of the proceedings. *Id*. at 3.  Accordingly, this factor weighs in favor of finding
6  that the motion to intervene is timely.

          2.         Prejudice to the Parties

The Ninth Circuit has affirmed the denial of motions to intervene in cases where granting intervention might have compromised long-litigated settlement agreements or delicate consent decrees. *Alisal Water Corp.*, 370 F.3d at 922*; citing County of Orange v. Air California*, 799 F.2d 535, 538 (9th Cir.1986) (denying a motion to intervene after a settlement was reached after five years of litigation and the negotiations were well publicized so that the applicant should have been on notice its interests might be impacted); *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 658 (9th Cir. 1978) (denying a motion to intervene two and a half years after suit was filed and seventeen days after a consent decree had become effective because the potential intervenors knew or should have known of continuing negotiations concerning the settlement agreement). Intervention, however, has been granted after settlement agreements were reached in cases where the applicants had no means of knowing that the proposed settlements was contrary to their interests. *See Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995) *abrogated by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) (holding that motion to intervene was not untimely even though settlement had been reached because the mediation proceedings had been conducted confidentially and the settlement negotiations were not conducted in open court). Here, Plaintiff describes the Settlement Agreement as "Confidential" and there is no indication that Snavely was or could have been aware of the settlement discussions nor that he had any means of knowing that the proposed settlement would be contrary to his interest. According to the Scheduling Order, Plaintiff intended to file an early motion for summary judgment, but to date no such motion has been filed.  *See* Scheduling Order, Docket No. 10. Additionally, the settlement was reached in the earliest stages of litigation.

1  Accordingly, since the parties did not make their negotiations or the terms of their intended
2  agreement public, and because the parties have done very little to litigate this case thus far, the
3  Court finds that this factor also weighs in favor of finding that the motion to intervene is timely.

### 3. Reasons for Length of Delay

A party must intervene when he "knows or has reason to know that his interests might be adversely affected by the outcome of litigation." *Oregon*, 913 F.2d at 589. For example, in *Alisal Water Corp.*, the Ninth Circuit found that the party seeking intervention was on notice that his interests might be adversely affected as of the date the amended complaint was filed. *Alisal Water Corp.*, 370 F.3d at 923. Therefore, the filing of the amended complaint put the party seeking intervention on constructive notice. *Id*.

Here, Snavely asserts that his delay was due to the fact that he did not learn of the implications of this law suit until August 2013. *See* Reply, Docket No. 15, at 4. According to Snavely, his prior attorney Victor Miller did not tell him about Colony's attempts to serve him and, additionally, he believed Mr. Miller was representing him in this case until July 29, 2013, when he acquired new counsel. *Id*. Thereafter, his current counsel advised him of the implications of this lawsuit. *Id*.

The Court finds that none of these reasons justifies Snavely's delay. First, Snavely does not address the attempts to serve him at the addresses listed on the subpoena. Rather, he only argues that he did not know Plaintiff attempted to serve his counsel as well. Second, he acknowledges that he was aware of this case; he just made the apparently baseless assumption that it either did not concern him or that he was being represented by counsel in this case.[3] Accordingly, the Court finds that this factor weights against finding timeliness.

Nevertheless, courts generally "construe[ ] [the Rule] broadly in favor of proposed intervenors." *City of Los Angeles, Cal.*, 288 F.3d at 397-98*; quoting United States ex rel. McGough v. Covington Techs. Co.,* 967 F.2d 1391, 1394 (9th Cir.1992). " 'A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.

---

[3] Snavely has provided no information or evidence which indicates he had reason to believe his former counsel, Mr. Miller, was representing him in this case

- 8 -

By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.' " *City of Los Angeles, Cal.*, 288 F.3d at 397-98; *quoting Forest Conservation Council,* 66 F.3d at 1496 n. 8 (quoting *Greene v. United States,* 996 F.2d at 980).

Accordingly, having reviewed and weighed all three timeliness factors, the Court finds that Snavely's motion to intervene is timely.

### B. Remaining Factors

The parties have not adequately briefed the remaining factors for permissive intervention. Thus, the Court cannot make an adequate determination as to whether the requirements are met. Because the burden is on the party seeking intervention, the Court denies permissive intervention at this time, without prejudice.

### III. Requested Stay

In his Reply, Snavely requests that in the event the Court denied his request to intervene, the Court stay this matter pending a resolution of the underlying litigation. *See* Reply, Docket No. 15, at 6. The Court denies this request because, "[t]he Court does not and will not make a practice of addressing the merits of issues first raised in a reply, as the opposing party is not afforded any opportunity to respond to new issues raised in a reply, which is ordinarily the last document submitted prior to the Court's ruling on a motion." *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1204 fn. 1 (D. Nev. 2009)*, citing Knapp v. Miller,* 873 F.Supp. 375, 378 n. 3 (D.Nev.1994); *see United States v. Bohn,* 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (noting that courts generally decline to consider arguments raised for the first time in a reply brief).

. . .
. . .
. . .
. . .
. . .
. . .

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Michael Snavely's Motion to Intervene (#12) is DENIED as follows:

1. Michael Snavely's Motion to Intervene pursuant to Fed.R.Civ.P. 24(a) is DENIED.
2. Michael Snavely's Motion to Intervene pursuant to Fed.R.Civ.P. 24(b) is DENIED without prejudice.
3. Michael Snavely's Motion to Stay is DENIED without prejudice.

DATED this   19th   day of September, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge